UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------- x

YIANETTE RIVERA                            :
                                           :
                              Plaintiff,   :        REPORT AND
                                           :        RECOMMENDATION
           -against-                       :
                                           :        22-CV-1232 (EK) (PK)
ABM INDUSTRIES, INC.,                      :
                                           :
                              Defendant.   :

--------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

Yianette Rivera ("Plaintiff") brought this action against her employer ABM Aviation Inc.[1]

("Defendant"), alleging sex and gender discrimination in violation of the New York State Human

Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.*, and the New York City Human Rights Law

("NYCHRL"), N.Y.C. Admin Code § 8-107 *et seq.* (Am. Compl. ¶¶ 1, 30-39, Dkt. 10.) Before me on

referral for a report and recommendation from the Honorable Eric R. Komitee is Defendant's Motion

for Attorneys' Fees. (*See* Motion for Attorneys' Fees ("Motion"), Dkt. 23.) For the reasons stated

herein, I respectfully recommend that the Motion be granted, and that Defendant be awarded

$2,685.25 in attorneys' fees.

## BACKGROUND

### I. The 2020 Action

On October 26, 2020, Plaintiff brought an action against Defendant alleging violations of Title

VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), *et seq.*, the NYSHRL, and the

NYCHRL, *see Rivera v. ABM Industries, Inc.*, No. 20-CV-5133 (E.D.N.Y. Oct. 26, 2020) (the "2020

Action"). The 2020 Action was assigned to the Honorable Eric Komitee and me.

---

[1] Defendant notes that Plaintiff incorrectly identified her employer as Defendant's parent company, ABM
Industries, Inc. (Def. Mem. at 1 n.1, Dkt. 25.)

Defendant moved to compel arbitration or alternatively dismiss the complaint, partly on the basis that Plaintiff executed an arbitration agreement.  The fully briefed motion was filed on March 15, 2021.  (*See* 2020 Action Dkts. 15-20.)

A hearing on the motion to compel was scheduled and subsequently adjourned to February 15, 2022.  On February 14, 2022, Plaintiff filed a notice of voluntary dismissal "without prejudice to renew."  (2020 Action Dkt. 25.)  That same day, the Court dismissed the 2020 Action.

## II.  The 2022 Action

On March 7, 2022, Plaintiff filed the Complaint in this case (the "2022 Action), which is identical to the complaint in the 2020 Action, including bearing the date of October 26, 2020, except that three paragraphs—regarding having commenced the action within 90 days of receipt of the Equal Employment Opportunity Commission Notice of Right to Sue dated August 5, 2020—were removed. (*Compare* Compl., Dkt. 1, *with* 2020 Action Dkt. 1 ¶¶ 5-7.)

The case was originally assigned to the Honorable Nicholas G. Garaufis and the Honorable James R. Cho, but after Defendant filed a Motion to Reassign the Case on March 10, 2022, the case was reassigned to Judge Komitee and me.  (Mot. To Reassign, Dkt. 6; Order dated Mar. 11, 2022.)

On March 25, 2022, Plaintiff filed an Amended Complaint, withdrawing her Title VII claim. (Am. Compl., Dkt. 10.)

Defendant moved to compel arbitration or alternatively dismiss the complaint, and the parties filed the fully briefed motion on September 23, 2022.  (Dkts. 16-20.)

Defendant filed the Motion on December 22, 2022, requesting costs under Federal Rule of Civil Procedure 41(d), consisting of attorneys' fees.  Plaintiff filed an opposition on February 6, 2023 (Pl. Opp., Dkt. 27), and Defendant filed a reply on March 3, 2023. (Def. Reply, Dkt. 28.)

The Court scheduled a conference on the motion to compel arbitration for June 22, 2023.  On the day of the conference, Plaintiff notified the Court that she was agreeing to submit her claims to

arbitration. (Dkt. 30.)  The Court granted the motion to compel arbitration "on consent," and stayed

the case until the completion of arbitration, except as to the Motion.  (Order dated June 22, 2023.)

Defendant was permitted to submit a declaration in further support of the Motion, attaching

billing records based on contemporaneous timesheets. (Declaration of Jeremy M. Brown in Further

Support of ABM's Motion for Attorneys' Fees ("Brown Supp. Decl.), Dkt. 35; "Billing Records," Ex.

A to Brown Supp. Decl., Dkt. 35-1.)

## DISCUSSION

### I.    Defendant Should be Awarded Costs Under Rule 41(d)

Federal Rule of Civil Procedure 41(d) provides that if "a plaintiff who previously dismissed an

action in any court files an action based on or including the same claim against the same defendant,"

the court "may order the plaintiff to pay all or part of the costs of that previous action." Fed. R. Civ.

P. 41(d).  "Rule 41(d) evinces an unmistakable intent for a district court to be free, in its discretion, to

award attorneys' fees as part of costs." *Horowitz v. 148 South Emerson Assocs. LLC*, 888 F.3d 13, 25 (2d

Cir. 2018).  "Therefore, 'where a plaintiff . . . voluntarily dismisses a lawsuit and then files a second

suit against the same defendants predicated on the same facts, defendants may be entitled to recover

their costs and attorneys' fees expended in defending the first suit.'" *Neurological Surgery, P.C. v. Aetna

Health Inc.*, No. 19-CV-4817 (DRH)(ARL), 2022 WL 526409, at *4 (E.D.N.Y. Feb. 1, 2022) (quoting

*Blauinsel Stiftung v. Sumitomo Corp.*, No. 99-CV-1108 (BSJ), 2001 WL 1602118, at *9 (S.D.N.Y. Dec. 14,

2001).)

"Rule 41(d)'s purpose is clear and undisputed: to serve as a deterrent to forum shopping and

vexatious litigation." *Horowitz*, 888 F.3d at 25 (citations and internal quotation marks omitted).  Even

when "a dismissal by plaintiff is a matter of right under Fed R. Civ. P. 41(a), expenses may be imposed

pursuant to Fed. R. Civ. P. 41(d) should the suit be reinstituted." *New Phone Co., Inc. v. N.Y.C. Dept. of*

*Info. Tech. and Telecomm.*, Nos. 06-CV-3529 (JG)(KAM), 07-CV-2474 (JG)(KAM), 2007 WL 2908110, at *16 (E.D.N.Y. Oct. 5, 2007) (citation and internal quotation marks omitted).

An award of "costs and attorneys' fees under Rule 41(d) is 'completely discretionary.'" *Neurological Surgery, P.C.*, 2022 WL 526409, at *4 (quoting *Adams v. N.Y. State Educ. Dep't.*, 630 F. Supp. 2d 333, 344 (S.D.N.Y. 2009)). There is no requirement that a defendant show that a plaintiff acted in bad faith in order to recover costs. *See Adams*, 630 F. Supp. 2d at 344. Courts "may refuse to impose Rule 41(d) costs on the plaintiff if it appears that there was a good reason for the dismissal of the prior action or that the plaintiff is financially unable to pay the costs." *Preferred Freezer Servs., LLC v. Americold Realty Trust*, 19-CV-2926 (VSB), 2020 WL 774132 at *3 (S.D.N.Y. Feb. 18, 2020) (citing *Ramirez v. iBasis, Inc.*, No. 08-CV-5125 (KAM)(JMA), 2010 WL 1223589, at *3 (E.D.N.Y. Mar. 24, 2010) (cleaned up); *see Gallego v. Hoy, LLC*, No. 06-CV-1206 (RCC), 2007 WL 9813058, at *3 (S.D.N.Y. Feb. 21, 2007) (courts "decline to award costs when the non-moving party either asserts a persuasive justification for voluntarily dismissing the first action or claims hardship in an ability to pay costs") (citing *Zucker v. Katz*, 708 F. Supp. 525, 539 (S.D.N.Y. 1989)); *Adams*, 630 F. Supp. 2d at 344 (citing 9 Wright & Miller, *Federal Practice & Procedure: Civil 3d* § 2375 (3d ed. 2008)).

There is no dispute that Plaintiff voluntarily dismissed the 2020 Action and, three weeks later, filed the 2022 Action. Except for the omission of three paragraphs related to the timeliness of the Title VII claim—later withdrawn in the Amended Complaint—the Complaint in the 2022 Action is identical to the complaint in the 2020 Action. In both cases, Plaintiff alleges that Defendant violated the NYSHRL and the NYCHRL based on workplace incidents that occurred in January and February 2020. (2020 Action Compl. ¶¶ 1, 14-24, 33-47.)

Therefore, under Rule 41(d), the Court may award Defendant the attorneys' fees it incurred in defending the 2020 Action.

Plaintiff contends that the Court should not award costs under Rule 41(d) because she "had a proper and legitimate motive to voluntarily dismiss her prior action and has not been involved in forum shopping and/or vexatious litigation, as the rule is intended to deter." (Pl. Opp. at 3.) Plaintiff does not explain, however, why she dismissed the 2020 Action, so it is not possible to assess whether she had a "good reason" for its dismissal. *Ramirez*, 2010 WL 1223589, at *3. She states, instead, that she refiled the case "following the passing and signing of The Ending Force[d] Arbitration of Sexual Assault and Sexual Harassment Act of 2021…" (Pl. Opp. at 6), but fails to describe the relevance of this legislation to her actions. Moreover, Plaintiff argues that she "did not participate in forum shopping or vexatious litigation," contrasting herself to the plaintiff in *Horowitz* who refiled the same case multiple times. (Pl. Opp. at 6.) She also notes that she did not refile the case in a different jurisdiction. (*Id.* at 6.) However, an award under Rule 41(d) does not require a finding of forum shopping or vexatious litigation—only that a plaintiff withdrew (without good reason) and refiled the same case against the same defendant. Plaintiff's dismissal of the 2020 Action a day before oral argument on Defendant's dispositive motion, followed less than a month later by her re-filing of the case in the 2022 Action, forced Defendant to unnecessarily duplicate its work, thus falling squarely within the type of conduct Rule 41(d) was created to deter.

Plaintiff also contends that Rule 41(d) does not seek to punish individuals like her, "a victim of sexual harassment with minimal income." (Pl. Opp. at 6, 9.) Plaintiff is or was a taxi dispatcher making $15.55 per hour. (*Id.* at 3.) Despite her modest income, Plaintiff has not justified her actions in dismissing the 2020 Action, followed by her refiling of the same case. *See Gallego*, 2007 WL 9813058, at *3 ("Though Plaintiff's attorney has attested to Plaintiff's modest income and therefore some claim to hardship, Plaintiff does not provide persuasive justification for voluntarily dismissing the case in New York state court").

Accordingly, I respectfully recommend that Plaintiff be ordered to pay Defendant's reasonable attorneys' fees incurred in defending the 2020 Action.[2]

## II.    Reasonableness of Requested Attorneys' Fees

Defendant requests an award of $36,927.00, comprised of attorneys' fees.  (Declaration of Jeremy M. Brown ("Brown Decl.") ¶ 10, Dkt. 24.)  I evaluate whether this amount is reasonable.  *See Gallego*, 2007 WL 9813058, at *3 (ordering plaintiff to pay "*reasonable* fees associated with the prior case") (emphasis added).

In determining whether attorneys' fees are reasonable, courts in the Second Circuit utilize the lodestar formula—a reasonable number of hours required by the case at a reasonable hourly rate creates a "presumptively reasonable fee." *Kizer v. Abercrombie & Fitch Co.*, No. 12-CV-5387 (JS)(AKT), 2017 WL 9512408, at *2 (E.D.N.Y. July 24, 2017) (quoting *Milea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). "The party seeking reimbursement of attorneys' fees must demonstrate the reasonableness and necessity of hours spent and rates charged." *Finkel v. Omega Comm'n Svcs., Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)).

### A.  *Reasonable Hourly Rates*

Courts use "the forum rule" to determine whether an hourly rate is reasonable. *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). "According to the forum rule, courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Id.* (cleaned up). The burden is on the fee applicant to establish the

---

[2] Defendant requests "attorneys' fees and costs from both Plaintiff and her counsel."  (Def. Mem. at 8.) However, the sole support for Defendant's proposition, *Blauinsel Stiftung v. Sumitomo Corp.*, is inapposite.  In that case, the court imposed sanctions on an attorney pursuant to Fed. R. Civ. P. 37, not Rule 41(d), which explicitly allows for recovery from a party's attorney.  *Blauinsel Stiftung v. Sumitomo Corp.*, No. 99-CV-1108 (BSJ), 2001 WL 1602118, at *9 (S.D.N.Y. Dec. 14, 2001).  In contrast, the plain language of Rule 41(d) states that the court "may order the *plaintiff* to pay all or part of the costs of that previous action," not counsel for plaintiff.  Fed. R. Civ. P. 41(d) (emphasis added).  Thus, Defendant may only recover fees from Plaintiff, not her attorney.

reasonableness of the hourly rate sought. *See Monge v. Glen Cove Mansion Hosp., LLC*, No. 18-CV-7229 (SJF)(SIL), 2020 WL 1666460, at *5 (E.D.N.Y. Apr. 2, 2020).

The prevailing rates for attorneys in the E.D.N.Y. are "approximately $300–$450 for partners, $200–$325 for senior associates, and $100–$200 for junior associates." *Haylett v. Sutton*, No. 15-CV-223 (WKF)(PK), 2019 WL 8128547, at *3 (E.D.N.Y. Aug. 8, 2019) (citing *Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238, 261 (E.D.N.Y. 2014) (internal quotation marks omitted); *see Rudler v. Houslanger & Assocs., PLLC*, No. 18-CV-7068 (SFJ)(AYS), 2020 WL 473619, at *4 (E.D.N.Y. Jan. 29, 2020). The reasonable hourly rates for paralegals are between $70.00 and $100.00. *See Hui Lan Weng v. Fancy Lee Sushi Bar and Grill, Inc.*, No. 15-CV-5737 (ADS)(ARL), 2017 WL 5564892, at *2 (E.D.N.Y. Nov. 3, 2017).

Defendant requests hourly rates of $445.00 for Jeremy M. Brown, Esq., a partner with over 27 years of employment litigation experience; $400.00 for Shira M. Blank, Esq., a partner with over 10 years of litigation experience; $350.00 for Patrick M. Johnson, Esq., a former associate with 7 years of litigation experience, and Dana N. Berber, Esq., an associate with 6 years of employment litigation and counseling experience; $190.00 for Janet Kaye, a paralegal with 24 years of experience; and Julianne Lavornia, a paralegal with 13 years of experience. (Def. Mem. at 10; Brown Decl. ¶¶ 14-19.)

I find Defendant's requested rates for Mr. Brown and Ms. Blank, partners with many years of experience, to be reasonable. However, the requested hourly rates for Mr. Johnson and Ms. Berber are above the prevailing rates for senior associates in this District. *See Haylett*, 2019 WL 8128547, at *3 (reasonable hourly rates are "$200–$325 for senior associates, and $100–$200 for junior associates"); *Griffin v. Astro Moving & Storage Co. Inc.*, No. 11-CV-1844 (MKB), 2015 WL 1476415, at *8 (E.D.N.Y. Mar. 31, 2015) (reasonable hourly rates are "$200–$325 for senior associates, and $100–$200 for junior associates"). Given their levels of experience, I find that the reasonable hourly rates for Mr. Johnson and Ms. Berber are $275.00. *See, e.g., Capital One, N.A. v. Auto Gallery Motors, LLC*,

No. 16-CV-6534 (PKC)(SIL), 2020 WL 423422, at *4 (E.D.N.Y. Jan. 27, 2020) (finding reasonable the hourly rate of $275.00 for associates with five to eight years of experience); *Gonzalez-Diaz v. Daddyo's Mgmt. Grp. Inc.*, No. 16-CV-1907 (ENV)(RML), 2017 WL 7625319, at *5 (E.D.N.Y. Nov. 7, 2017) (reducing hourly rate for attorney with seven years of experience to $275.00). Moreover, the hourly rates for Ms. Kaye and Ms. Lavornia are above the prevailing rates for paralegals in this District. Accordingly, I find that the reasonable hourly rates for Ms. Kaye and Ms. Lavornia are $75.00. *See, e.g.*, *Hui Lan Weng*, 2017 WL 5564892, at *3 (reducing paralegal rates to $75.00).

### B. Number of Hours Expended

I next consider whether the hours Defendant claims are reasonable. Defendant submitted an Excel spreadsheet based on contemporaneous time entries from November 9, 2020 through March 10, 2022. (Def. Mem. at 10-12; Supplemental Declaration of Jeremy M. Brown ("Supp. Brown Decl.") ¶ 2, Dkt. 35; Ex. A to Supp. Brown Decl. ("Billing Records"), Dkt. 35-1.) "A computerized listing such as this is sufficient, even if it is a reconstruction of contemporaneous records." *Gagasoules v. MBF Leasing LLC*, No. 08-CV-2409 (ADS)(ARL), 2013 WL 1760134, at *6 (E.D.N.Y. Apr. 24, 2013) (citing *Cruz v. Local Union No. 3 of Intern. Bhd. Of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994); *David v. Sullivan*, 777 F. Supp. 212, 223 (E.D.N.Y. 1991)).

Rule 41(d) provides that where a plaintiff who previously dismissed an action files another action based on or including the same claim against the same defendant, the court "may order the plaintiff to pay all or part of the costs of that *previous action*." Fed. R. Civ. P. 41(d) (emphasis added). Thus, a defendant may recover costs associated with the prior dismissed action, "not the newly commenced action." *New Phone Co., Inc.*, 2007 WL 2908110, at *17; *see Iberia Foods Corp. v. Latinfood U.S. Corp.*, No. 20-CV-3009 (KAM)(RLM), 2021 WL 1616916, at *5 (E.D.N.Y. Apr. 26, 2021) (noting that "Rule 41(d)(1) only authorizes a court to award costs for the previous action") (citation and internal quotation marks omitted); *Gordon v. Kaleida Health*, No. 08-CV-950S (WMS), 2012 WL

1965671, at *2 (W.D.N.Y. May 31, 2012) ("Defendants' request for all costs and fees incurred in defending Plaintiffs' re-filed claims to judgment is entirely inconsistent with Rule 41's purpose"). Indeed, "Rule 41(d) is not aimed at making the Plaintiff pay for the Defendants' defense; rather it is aimed at repaying frivolous work done by the Defendants." *Copeland v. Hussmann Corp.*, 462 F. Supp. 2d 1012, 1024 (E.D. Mo. 2006).

Here, Defendant's request for fees includes 7.4 hours billed from March 7, 2022 through March 10, 2022 for work done in the 2022 Action, including drafting the motion to reassign the case. (Billing Records at 8-9 (ECF pagination).)  Because these billing entries do not constitute costs incurred in defending the "prior action," *i.e.,* the 2020 Action, they are not compensable under Rule 41(d).

With respect to the 93.5 hours incurred in defending the 2020 Action, "courts in this Circuit often limit costs and attorneys' fees to "compensation for work that cannot be used in a second . . . action." *Cotiviti, Inc. v. Deagle*, 501 F. Supp. 3d 243, 255 (E.D.N.Y. 2020) (citing *Preferred Freezer*, 2020 WL 774132 at *3, 4; *Pelczar v. Pelczar*, No. 16-CV-55 (CBA)(LB), 2017 WL 3105855, at *2 (E.D.N.Y. July 20, 2017); *Adams*, 630 F. Supp. 2d at 346); *see BH Seven, LLC v. Ambit Energy, L.P.*, No. 11-CV-2483 (ARR)(RER), 2012 WL 4445825, at *2 (E.D.N.Y. Sept. 25, 2012) ("Payment of attorneys' fees is generally awarded as compensation for work done in the first action that cannot be used in a second existing or contemplated action") (citations and internal quotation marks omitted).

At the outset, I note that Defendant has completely redacted the descriptions of billing entries totaling 13.7 hours.  (*See* Billing Records at 2-7 (ECF pagination).)  Because I am unable to determine if these entries represent work performed that could not be used in the 2022 Action, I do not consider these hours in Defendant's fee request.

Of Defendant's remaining 79.8 billed hours, I find that much of the work expended in the 2020 Action was re-used in defending the 2022 Action.  A comparison of the motions to compel

arbitration or dismiss the action in both cases (2020 Action Dkt. 16; 2022 Action Dkt. 17) reveals that the two documents are largely identical, except for a few updates and the addition of approximately two pages devoted to addressing the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act.  The reply briefs which Defendant filed in both cases are likewise substantially similar.  (2020 Action Dkt. 20; 2022 Action Dkt. 20.)  Moreover, the supporting Declaration of Joseph Selby filed in the 2022 Action is an exact duplicate of his declaration filed in the 2020 Action, down to the identical electronic signature and date of February 3, 2021.  (*See* 2020 Action Dkt. 18; 2022 Action, Ex. 9 to Affidavit in Support of Motion to Compel, Dkt. 18-9.)  The overwhelming similarity in the briefings filed in the 2020 Action and 2022 Action indicate that much of the work done in the previous case was also used in the subsequent case and, therefore, not compensable under Rule 41(d).

"Courts have discretion to reduce the amount of recoverable costs under Rule 41(d) through proportional reductions."  *Sandshaker Lounge & Package Store LLC v. RKR Beverage Inc.*, No. 17-CV-686 (MCR)(CJK), 2018 WL 6829046, at *4 n.13 (N.D. Fla. Nov. 18, 2018) (citations omitted).  Because the vast majority of Defendant's work in the 2020 Action was reused in the 2022 Action, and Defendant made no effort to identify what work its counsel did on the 2020 Action that was not recycled in the 2022 Action, I find that a 90% reduction in the 79.8 hours Defendant's counsel spent on the 2020 Action is proper. *See Lennard v. Yeung*, No. 10-CV-9322 (MMM), 2011 WL 13217925 at *11 (C.D. Cal. Aug. 16, 2011) ("The court finds that a reduction of eighty percent is warranted given the great similarity between this case and the action filed in state court"); *Katen v. Katen*, No. 97-CV-275-BR(2) (WEB), 1998 WL 721092, at *2 (E.D.N.C. Mar. 4, 1998) (same); *see generally Congregation Rabbinical College of Tartikov, Inc. v. Village of Pomona*, 188 F. Supp. 3d 333, 344 (S.D.N.Y. 2016) (courts have the "discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat") (citation omitted)).  Thus, Mr. Brown's hours are reduced from 9.5

to 0.95, Ms. Blank's Hours are reduced from 28.9 to 2.89, Mr. Johnson's hours are reduced from 39.8 to 3.98, and Ms. Lavornia's hours are reduced from 1.6 to 0.16.

Accordingly, I respectfully recommend awarding Defendant costs in the form of attorneys' fees as shown in the following chart:

| | Hours Requested | Excluded Hours (work unrelated to 2020 Action) | Excluded Hours (redacted billing entries related to 2020 Action) | Permitted Hours (for non-redacted work related to 2020 Action) | 90% Reduction in Attorney Hours | Permitted Hourly Rates | Total Allowed Fees |
|---|---|---|---|---|---|---|---|
| Jeremy M. Brown | 10.6 | 1.1 | 0 | 9.5 | 0.95 | $445.00 | $422.75 |
| Shira M. Blank | 32.9 | 1.1 | 2.9 | 28.9 | 2.89 | $400.00 | $1,156.00 |
| Patrick M. Johnson | 45.9 | 0 | 6.1 | 39.8 | 3.98 | $275.00 | $1,094.50 |
| Dana N. Berber | 5.2 | 5.2 | 0 | 0 | 0 | $275.00 | $0.00 |
| Julianne Lavornia | 1.6 | 0 | 0 | 1.6 | 0.16 | $75.00 | $12.00 |
| Janet Kaye | 4.7 | 0 | 4.7 | 0 | 0 | $75.00 | $0.00 |
| **Total** | **100.9** | **7.4** | **13.7** | **79.8** | **7.98** | **N/A** | **$2,685.25** |

Finally, Defendant requests leave to submit a fee application for costs incurred in making the Motion.  (Def. Mem. at 12.)  Because such costs were not incurred in defending the 2020 Action, they are not compensable under Rule 41(d).  Therefore, I respectfully recommend that the Court deny Defendant's request for leave to file an application for such costs.

## CONCLUSION

For the reasons stated above, I respectfully recommend that Defendant be awarded $2,685.25 in attorneys' fees.

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within

the specified time waives the right to appeal any order or judgment entered based on this Report and

Recommendation. *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:  September 29, 2023
       Brooklyn, New York